Williams, J.
The original action was mandamus, brought in the court of common pleas of Ashtabula county, by the plaintiff in error, against the President, Secretary,' and Treasurer of The Baker Engine and Machine Company, a manufacturing corporation organized in this state, to compel them to issue to the relators, Bross and Baker, certificates for three hundred and ten shares of the company’s stock, of one hundred dollars each, which, it is alleged, the relators duly subscribed and paid for, and for-which the defendants refuse to issue certificates to them. The relators allege that they have no adequate remedy at law, and pray for a peremptory writ. The answer denies that the relators paid for the stock, or paid any sum whatever on their subscription, and avers they are indebted to the company for the full amount thereof, namely, thirty-one thousand dollars. The court found the issues for the defendants; and held, furthermore, that the remedy of the relators at law was adequate, and on both grounds denied the writ. The circuit court, to which the cause was taken on appeal, stated its conclusions of fact and of law separately, at the request of the plaintiff. It found that the relators fully paid for -the stock, and were entitled to the certificates, but held their remedy was in equity, and for that reason refused the writ; and it is claimed here, that in so holding, that court committed an error.
The cases are in conflict upon the question whether the remedy by mandamus may be employed to compel the issue or transfer of certifi *87 cates of stock of a private corporation. The remedy, in this state, is controlled by statutory regulations which define the writ, and determine the cases in which it may issue. “Mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.” Revised Statutes, section 6741. A limitation upon the remedy is contained in sec-' tion 6744, which provides, that, “The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.” The duty of issuing certificates of stock of a private corporation, to those entitled to receive them, is specially enjoined upon its officers, it is claimed, by the following provision contained in section 3254, of the Revised Statutes, viz.: “Stockholders shall be entitled to receive certificates of their paid-up stock in the company; and the president and secretary of the company shall, on demand, 'execute and deliver to a stockholder a certificate showing the true amount of the stock held by him in the company. ” And we think there can be no doubt that such a corporation is bound, through its proper officers, to issue to each stock subscriber who has fully paid for his stock, a certificate truly representing his interest in the corporation. But the question still remains, what is the appropriate remedy for the refusal or failure to do so? If there be “a plain and adequate remedy in the ordinary course of the law,” the courts are prohibited by statute from issuing the writ of mandamus. Shares of stock in a private corporation are personal property; and it has long been settled that an action for damages for their conversion may *88 be maintained, upon the refusal, on demand, to issue or transfer certificates to persons entitled to them. True, there has not always been uniformity in the rule applied in determining- the measure of the damages in such cases; it being held in some, that the value of the stock at the time of the conversion is the measure of the damages that may be recovered; in others, its value at the time of the trial; and in others still, its hig’hest value at any time between the conversion and trial. The first of the rules above stated is the one which seems generally to prevail, unless there is something in the nature or circumstances of the conversion which enhances the damag’es. But the damages are not necessarily limited to the market value of the stock. Its actual value may be recovered; and that may be shown by proof of the value of the property and business of the corporation, its good will, and dividend-earning capacity. Freon v. Carriage Company, 42 Ohio St., 38; Cook on Stock and Stockholders, section 581.
Besides, “remedy in the ordinary course of the law,” is not confined to those actions which before the adoption of the civil code were actions at law, but embraces what were suits in equity as well; and if, for any reason, an action for damages might prove inadequate for the full redress of the relators’ injury, we see no reason why they could not obtain that complete measure of relief in equity. It was held by this court, in Railroad Company v. Fink, 41 Ohio St., 321, that a suit in equity may be maintained against a corporation to compel it to issue a stock certificate, to a subscriber, or his assignee, upon tender of the sum subscribed. Indeed, that remedy is well established, and is the one generally pursued in such cases, and also m cases where *89 the transfer of stock on the books of the corporation, or a certificate of such transfer, is sought. Cook on Stock and Stockholders, sections 61j and 391. In the last section cited, that author says, the remedy by suit in equity is the most complete and most just one for compelling a corporation to register a transfer of stock, and “is a remedy applicable to almost all cases arising under a refusal of a corporation to allow a registry of transfer. The case will be decided on equitable principles, however, and a transfer will not be decreed if it involves bad faith. The relief usually demanded is in the alternative, being either for a registry of the transfer, or damages in lieu thereof.” The reasons which conduce to the holding that a suit in equity is the most satisfactory and complete remedy to accomplish the registration of transfers of stock, apply equally when the object sought is the issue of certificates originally. Mandamus is not well adapted to the trial of questions of fact, or the determination of controversies of a strictly private nature. Its office' is rather to command and enforce the performance of those duties in which the public have some concern, and where the right is clear, and does not depend upon a Complication of disputed facts which must be settled from the conflicting testimony of witnesses.
There is nothing in the facts of the ease before us which show that an action for damages, or suit in equity, would not furnish the relators a plain and adequate remedy for the wrong complained of. It is not alleged that the corporation has refused to admit them as members of that body, or denied them the right to vote or be voted for’ or to exercise their privileges as stockholders; nor, that any of their personal advantages or privileges as such, *90 have been interfered with. The writ of mandamus has sometimes been issued to compel the admission of members in corporate bodies when essential to the preservation of personal advantages -to which they, show themselves to be clearly entitled. The petition alleges, in general terms, that the relators “have no remedy at law;” but that amounts to nothing more than a declaration of the pleaders opinion, and, as an allegation of fact, is without force. Our conclusion is, that where the officers of a private corporation, organized for profit, refuse, upon demand, to issue a certificate of stock to a person entitled thereto, his appropriate remedy is by action against the corporation for damag’es, or in equity to enforce the issue and delivery of the certificate. If, for any reason, the one does not, the other will, afford him a plain and adequate remedy, and he may resort to either at his election. Mandamus cannot, therefore, be properly invoked.

Judgment affirmed.